**Mohammad SAANON, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney**

General,[1] Respondent.

No. 08–4341–ag.

United States Court of Appeals,
Second Circuit.

July 30, 2009.

Robert C. Ross, West Haven, CT, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; David V. Bernal, Assistant Director; Tiffany Walters Kleinert, Trial Attorney, Civil Division, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: WALKER, PIERRE N. LEVAL, and JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Mohammad Saanon, a native and citizen of Togo, seeks review of the August 8, 2008 order of the BIA affirming the October 2, 2006 decision of Immigration Judge ("IJ") Michael W. Straus denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Saanon,* No. A99 599 489 (B.I.A. Aug. 8, 2008), *aff'g* No. A99 599 489 (Immig. Ct. Hartford Oct. 2, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

"Where the BIA adopts the decision of the IJ and supplements the IJ's decision, . . . we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). "[W]e review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard . . . ." *Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008); *see also* 8 U.S.C. § 1252(b)(4)(B). "We review *de novo* questions of law and the application of law to undisputed fact." *Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), current United States Attorney General Eric H. Holder Jr. is automatically substituted for former United States Attorney General Michael B. Mukasey as respondent in this case.

For asylum applications governed by the amendments made to the Immigration and Nationality Act ("INA") by the REAL ID Act of 2005, the agency may, considering the "totality of the circumstances," base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008).

The IJ properly relied on inconsistencies between Saanon's testimony and the membership card for his political party that he provided as evidence. While the IJ recognized that a misspelled name and inaccurate dates were "minor," his reliance on these inconsistencies was proper under the REAL ID Act. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ also relied on inconsistencies that arose between Saanon's testimony and a letter purportedly from Akatani Bob, a leader in his party. The letter (1) spoke of multiple arrests, when Saanon alleged only one; (2) referred to Saanon as an "active member" of the party, while he claimed to be his party's secretary general in Sokode; (3) spoke of Saanon's refusal to campaign for the opposition as a reason for his persecution when Saanon had failed to mention that reason; and (4) did not mention Akatani Bob's role in Saanon's release from detention, while Saanon had testified that it was instrumental. All of these inconsistencies were properly considered as part of the

IJ's credibility assessment under the "totality of the circumstances." *Xiu Xia Lin*, 534 F.3d at 167.

The IJ also noted certain implausible aspects of Saanon's testimony, such as (1) Saanon's unfamiliarity with the high profile arrest and torture of his party's president, which was reported in many of the background documents Saanon provided and which occurred while Saanon was allegedly his party's secretary general in Sokode; and (2) Saanon's statement that he would have traveled to the United Arab Emirates on business soon after his release from detention, even though he also testified that he was in poor health at the time. We find that these findings are supported "by record facts ... viewed in the light of common sense and ordinary experience," and were therefore proper. *Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir. 2007).[2]

Further, we find that the IJ properly relied on Saanon's submission of a false medical record before the asylum officer in finding him not credible. *See id.* at 170 (relying on the maxim of *falsus in uno, falsus in omnibus* (false in one thing, false in everything) to find that once an IJ concludes that a document is false, he or she is "free to deem suspect other documents (and to disbelieve other testimony) that depend for probative weight upon [the applicant's] veracity").

While Saanon argues that the agency erred in failing to consider his post-traumatic stress disorder ("PTSD") while assessing his credibility, he fails to adequately explain how such consideration would have impacted the IJ's specific credibility-related findings. Under these circumstances we are not compelled to conclude

---

**2.** However, we find error in the IJ's finding that it was implausible that government forces would have arrested Saanon for voter fraud after they won the election, inasmuch

as there is nothing in the record that indicates that arrests of this nature did not take place. *See Siewe,* 480 F.3d at 168–69.

that the agency ignored his assertion that PTSD would explain his inconsistent testimony. *C.f. Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004) (reversing where the BIA falsely stated that no testimony regarding Petitioner's alleged past persecution existed in the record and ignoring this testimony). Accordingly, we find that the record does not compel the conclusion that Saanon was credible, *see* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic,* 519 F.3d at 95, and that the IJ's denial of Saanon's application for asylum was therefore proper.

To the extent that Saanon based his claim for withholding of removal and CAT relief on the same factual predicate as his asylum claim, and the IJ found that this claim lacked credibility, his withholding of removal and CAT claims necessarily fail. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Finally, while Saanon argues that the BIA erred in concluding that his due process rights were not violated by inadequate interpretation during his merits hearing, we find that he has failed to demonstrate that he did not receive a full and fair hearing, or that he was otherwise denied a meaningful opportunity to be heard. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104–05 (2d Cir.2006). Accordingly, his due process claim must fail.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).